# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RPM Performance Coatings Group, Inc. )
and Stonhard, a division of StonCorp )
Group, Inc., )
                     Plaintiffs, )
vs. ) Case No. 12-1392-CV-W-FJG
                                    )
William G. Fredrick, )
                     Defendant. )

## ORDER

Pending before the Court are (1) Defendant's Motion for Reconsideration of order granting entry of default (Doc. No. 23) and (2) Plaintiffs' Motion for Default Judgment (Doc. No. 24).

**I.    Background**

Plaintiffs filed a complaint on November 26, 2012, asserting that defendant violated the terms of his non-compete agreement with plaintiffs by accepting employment at a competitor and bidding for competing jobs. Plaintiffs filed motions for temporary restraining order and for preliminary injunction. On December 13, 2012, the Court denied the motion for temporary restraining order following a teleconference in which defendant did not participate, and ordered a preliminary injunction hearing be held Friday, January 11, 2012.

In the meantime, on December 27, 2012, plaintiffs filed a motion for entry of default, noting that defendant had not timely answered the complaint. On December 28, 2012, the Court issued an order for defendant to show cause on or before January 9, 2013, why an entry of default should not be made. Defendant did not respond to the order to show

cause, and so on January 10, 2013, the Court entered an order granting the motion for entry of default and cancelling the preliminary injunction hearing. The Court further ordered plaintiffs to file a motion for default judgment, specifying the relief requested, on or before February 1, 2013.

II.   **Motion for Reconsideration (Doc. No. 23)**

Almost two weeks after default was entered, on January 23, 2013, pro se defendant filed a motion for reconsideration (Doc. No. 23). In this document, defendant states he intended to dispute the complaint, and "With the changes, motions and a court date I did not send a response to the first documents."

Defendant then goes on to argue that (1) he abided by the terms of the non-compete the first time he left plaintiffs' employment (in 2003) because all the knowledge he had obtained came from plaintiffs; (2) he maintained a database of customers that was built by him and that is not proprietary to plaintiffs; (3) he returned to plaintiffs in 2010 with additional knowledge of the market, industry and competitors that plaintiffs did not have; (4) he lost business while employed by plaintiffs from 2010 to 2012 because of lack of competitiveness; and (5) plaintiffs placed him on probation with his employment due to lack of volume, and mentioned that he might have a change in territory. Defendant claims that he gave two week's notice when he decided to leave. Defendant also argues that he was unaware of the non-compete agreement contained in his 2010 employment contract, as it was "buried" in a code of conduct form. Defendant further argues that the Court should rule the agreement he signed inapplicable, because plaintiffs "would have needed to prove that they provided knowledge and customer information that I did not already possess." Doc.

2

No. 23, p. 2.

### III. Motion for Default Judgment (Doc. No. 24), and Response to Motion for Reconsideration

Plaintiffs move for default judgment on their six-count complaint.[1] Plaintiffs assert that defendant left their employment in October 2012 to immediately begin competing with Stonhard by joining DesKo International, Inc. as Vice President of Speciality Flooring. Plaintiffs allege that defendant took with him to DesKo confidential information, namely a bid on a project for Water One. Plaintiff alleges that in the Fall of 2012, defendant provided budgetary pricing to Water One on behalf of Stonhard, and then abruptly ended his employment with Stonhard. Plaintiff alleges on information and belief that defendant used his technical knowledge related to Stonhard products, pricing, and customers to place a competing bid for the same work to Water One on behalf of Desko on October 30, 2012.

Defendant signed an employment contract on October 29, 2010 (Ex. A to Doc. No. 1), which provides for a confidentiality agreement and an agreement not to compete with RPM. The period of the contract is for one year after termination of employment (regardless of reason); there does not appear to be any geographic limitation on the non-compete agreement. The agreement provides that defendant "acknowledge[s] that RPM Performance Coatings has the right to both money damages and injunctive relief in the form of temporary and permanent court order, for irreparable harm which RPM Performance Coatings may sustain and for monetary losses which RPM Performance Coatings may suffer through any breach of any of my obligations thereunder. . . ." Doc. No.

---

[1] The Counts in the Complaint are: (1) injunctive and equitable relief; (2) breach of contract; (3) indemnity; (4) injunction; (5) tortuous interference with contractual rights and advantageous relationships; and (6) accounting.

3

1, Ex. A, ¶ 9.1. The agreement also provides for indemnification of plaintiff for costs and attorneys fees. Id. ¶ 14.2

Plaintiffs note that despite proper service, defendant failed to answer the complaint and thereafter failed to respond to the Court's order to show cause why he should not be held in default. Plaintiffs assert that defendant's motion for reconsideration (Doc. No. 23) should be denied, as defendant fails to explain why he failed to answer the complaint and failed to respond to the Court's order. Plaintiffs further note that defendant's motion demonstrates that he chose not to participate in the conference call with the Court on December 13, 2012, and made no effort to contact the Court to reschedule the conference call. Further, with respect to any argument that defendant has attempted to show good cause for setting aside the default, plaintiffs indicate that defendant has not presented a meritorious defense for his breach of the non-compete agreement, as he does not deny signing the agreement, nor does he deny he received a reminder letter with a copy of the agreement on or about October 23, 2012. Plaintiffs indicate that the fact defendant was previously trained by plaintiffs and had a knowledge base the second time he entered their employment does not make the non-compete unenforceable.

Within their motion for default judgment, plaintiffs request injunctive relief; specifically, plaintiffs request that defendant "be enjoined from the date of this Court's Order for a period of one year from, either for his own account or in the service of or on behalf of any other person or entity, including DesKo, directly or indirectly engaging in the business of selling, marketing, or bidding for the installation of flooring products similar to those sold by Stonhard or RPM Performance Coatings Group, Inc.," in the same territory that defendant was responsible for while employed by plaintiffs (map of territory attached

4

as Ex. B to Doc. No. 24). Doc. No. 24, p. 5. Plaintiffs further request that defendant be enjoined from the date of the Court's order for a period one year from "taking any action to (i) solicit, call upon, or initiate communication or contact with any customer of Plaintiffs with a view to providing any service or product that is offered or provided by Plaintiffs, or (ii) divert or attempt to divert any customer, supplier, or other business relation of Plaintiffs." Doc. No. 24, p. 5. Plaintiffs also request a permanent injunction keeping defendant from disclosing any of plaintiffs' confidential information to any person or entity.

With respect to plaintiffs' claims for breach of contract, plaintiffs request a hearing to establish the amount of the unliquidated damages. With respect to plaintiffs' claims for indemnity, plaintiffs request an award of costs and attorneys fees reasonably incurred in enforcement of defendant's obligations. With respect to plaintiffs' claims for tortuous interference with contractual rights and advantageous relationships, plaintiffs seek a hearing to determine amount of damages related to defendant presenting a competing quote to Water One just weeks after entering a quote for plaintiffs.

**IV.   Analysis**

The Court finds that plaintiffs have demonstrated their entitlement to a default judgment and that defendant has not demonstrated that the entry of default should be set aside. Therefore, defendant's motion for reconsideration (Doc. No. 23) is **DENIED**, and plaintiffs' motion for default judgment (Doc. No. 24) will be **GRANTED**.

In particular, defendant was properly served with the Summons and Complaint and failed to answer or otherwise respond within the appropriate time frame. Further, defendant failed to respond to the Court's order to show cause. Only two weeks after default was entered did defendant attempt to make some showing as to why judgment

5

should not be entered against him; however, he did not give any good cause for his failures to provide written responses to the complaint or the order to show cause. Furthermore, defendant has not shown good cause to set aside the entry of default, and has not shown a meritorious defense to this action. See Fed. R. Civ. P. 55; Hoover v. Valley West D M, 823 F.2d 227, 230 (8th Cir. 1987).

There is no just reason to delay entering judgment against the Defendant. Therefore the Court finds that RPM Performance Coatings Group, Inc. and Stonhard, a division of StonCor Group, Inc., are entitled to both injunctive relief and monetary damages, as provided below.

The parties agreed that New Jersey law would govern Defendant's Terms and Conditions of Employment. A restrictive covenant is enforceable when "it simply protects the legitimate interests of the employer, imposes no undue hardship on the employee, and is not injurious to the public." Maw v. Advanced Clinical Commn'cs, Inc., 846 A.2d 604, 609 (N.J. 2004); Ingersoll-Rand Co. v. Ciavatta, 542 A.2d 879 (N.J. 1988); Solari Industries, Inc. v. Malady, 264 A.2d 53 (N.J. 1970). Plaintiffs' restrictive covenant protects two legitimate interests: their proprietary and confidential information and their customer relationships. These interests are legitimately protectable through restrictive covenants. See Ingersoll-Rand Co. v. Ciavatta, 542 A.2d 879 (N.J. 1988); A.T. Hudson & Co. v. Donovan, 524 A.2d 412 (N.J. Super. Ct. App. Div. 1987). Defendant's Non-Compete Agreement reasonably restricts him from competing for a period of one year and reasonably from performing work similar to the work he performed while employed with Plaintiffs. Similar language has been interpreted to include the geographic area in which the employee had responsibility. See Trico Equip., Inc. v. Manor, No. 08-5561, 2009 U.S. Dist. LEXIS 50524 (D. N.J. July 13,

6

2009). See also Pathfinder, LLC v. Luck, No. 04-1475, 2005 U.S. Dist. LEXIS 44782 (D.N.J. May 20, 2005). Further, taking the allegations of the Complaint as true, the Court finds the balance of hardships favors the Plaintiffs, and that Plaintiffs have shown that they are in eminent danger of being irreparably injured if Defendant is not enjoined. J.H. Renarde, Inc. v. Sims, 711 A.2d 410, 415 (N.J. Super. Ct. Ch. Div. 1998). Defendant's inside knowledge of Plaintiffs' Confidential Information and the relationships he cultivated on behalf of the Plaintiffs gives him an unfair advantage on behalf of a competitor. He is in a position to transfer the goodwill generated on behalf of the Plaintiffs to his new employer. Monetary damages are not an adequate remedy. It is difficult to quantify the monetary harm to Plaintiffs because of the difficulties of evaluating lost business. Additionally, the damage to the relationship with customers cannot be adequately repaired with monetary damages. Furthermore, defendant used his knowledge of confidential pricing and customer preferences to submit a bid for a competitor on the same Scope of Work previously quoted for Plaintiffs.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1. A Permanent Injunction shall enter in this matter, pursuant to Defendant's Terms and Conditions of Employment. This Injunction shall begin on the date of this Order and remain in effect for a period of one year. The following persons are enjoined:

    a. Defendant;

    b. his agents, servants, and employees;

    c. any person who directly or indirectly, through one or more intermediaries, is controlled by, or is under the common control of the Defendant;

    d.  and all those in active concert or participation with the Defendant, who receive actual notice of this Order by personal service or otherwise.

All of the above are immediately restrained and enjoined from engaging, directly or indirectly in any of the following acts:

    a.  Directly or indirectly engaging in the business of selling, marketing, or bidding for the installation of flooring products similar to those sold by Plaintiffs in the Defendant's formed Territory, as described in Exhibit B to Doc. No. 25;

    b.  Solicit, call upon, or initiate communication or contact with any customer of Plaintiffs with a view to providing any service or product that is offered or provided by Plaintiffs, or divert or attempt to divert any customer, supplier, or other business relation of Plaintiffs;

    c.  Disclosing any of Plaintiffs' Confidential Information to any person or entity, including DesKo, for any reason or purpose whatsoever, or making use of any of Plaintiffs' Confidential Information for his own purpose or those of another, including DesKo.

  2.  Although Plaintiffs request a hearing on monetary damages (including attorneys fees), the Court believes the better way to proceed is for Plaintiffs to file a brief specifying exactly what amounts of monetary damages they believe they are entitled to. Plaintiffs brief on monetary damages shall be filed on or before **April 5, 2013.** Defendant may file a response to plaintiffs' brief on monetary damages on or before **April 23, 2013.** Thereafter, the Court will issue its order specifying the amount of monetary damages awardable in this case.

8

Case 4:12-cv-01392-FJG   Document 27   Filed 03/18/13   Page 8 of 9

    d.  and all those in active concert or participation with the Defendant, who receive actual notice of this Order by personal service or otherwise.

All of the above are immediately restrained and enjoined from engaging, directly or indirectly in any of the following acts:

    a.  Directly or indirectly engaging in the business of selling, marketing, or bidding for the installation of flooring products similar to those sold by Plaintiffs in the Defendant's formed Territory, as described in Exhibit B to Doc. No. 25;

    b.  Solicit, call upon, or initiate communication or contact with any customer of Plaintiffs with a view to providing any service or product that is offered or provided by Plaintiffs, or divert or attempt to divert any customer, supplier, or other business relation of Plaintiffs;

    c.  Disclosing any of Plaintiffs' Confidential Information to any person or entity, including DesKo, for any reason or purpose whatsoever, or making use of any of Plaintiffs' Confidential Information for his own purpose or those of another, including DesKo.

  2.  Although Plaintiffs request a hearing on monetary damages (including attorneys fees), the Court believes the better way to proceed is for Plaintiffs to file a brief specifying exactly what amounts of monetary damages they believe they are entitled to. Plaintiffs brief on monetary damages shall be filed on or before **April 5, 2013.** Defendant may file a response to plaintiffs' brief on monetary damages on or before **April 23, 2013.** Thereafter, the Court will issue its order specifying the amount of monetary damages awardable in this case.

3. It is **FURTHER ORDERED** that the clerk of the court mail a copy of this Order via regular and certified mail to defendant at the following address: William Fredrick, 1003 NE Clear Creek Dr., Grain Valley, MO 64029-9182.

**IT IS SO ORDERED.**

Dated: March 18, 2013  /s/Fernando J. Gaitan, Jr.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge